# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 19-CR-2468-DMS |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION FOR SENTENCE MODIFICATION UNDER 18 U.S.C. § 3582(C)** |
| v. | |
| CARLOS DIAZ-CALLEROS, | |
| Defendant. | |

On October 1, 2020, Defendant Carlos Diaz-Calleros filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The United States filed a response in opposition, and Defendant filed a reply. For the reasons given herein, the Court grants Defendant's motion.

## I.
## BACKGROUND

On August 14, 2019, Defendant Diaz-Calleros pled guilty to one count of importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. (ECF Nos. 20, 22.) Defendant was sentenced to 36 months in prison, followed by three years of supervised release. (ECF No. 34.) Defendant's projected release date is December 22, 2021. (ECF No. 35 at 2.)

Defendant is thirty-nine years old; he suffers from Type 2 diabetes mellitus and hypertension, and takes multiple medications to treat these conditions. (Ex. A to ECF No. 35; Pre-Sentence Report ("PSR") ¶ 40.) Defendant is currently incarcerated in Correctional Institution Reeves I & II, a private facility.[1] (ECF No. 35 at 2.) Based on these allegations and the risks associated with COVID-19, Defendant filed the present motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), seeking a reduction of his sentence to time served. (ECF No. 35.) The United States opposes Defendant's motion. (ECF No. 40.)

## II.

## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The First Step Act ("FSA") is such a statute. *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow the defendant to move the district court for compassionate release after exhausting the Bureau of Prisons ("BOP") process.

Section 3582(c) of Title 18 of the United States Code provides that a court may not modify a term of imprisonment except "upon motion of Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to act or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Administrative exhaustion is a prerequisite to filing the motion in district court, and "[e]xhaustion occurs

---

[1] As of December 29, 2020, the Bureau of Prisons reported one current positive case of COVID-19 among Reeves I & II inmates, with 21 inmates having recovered. *See COVID-19: Coronavirus*, *Private Facilities*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited December 29, 2020).

when the BOP denies a defendant's application or lets thirty days pass without responding to it." *United States v. Mondaca*, No. 89-CR-0655-DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (internal quotation marks and citations omitted). Here, Defendant submitted a request for compassionate release to the warden of Reeves I & II on May 19, 2020. (Ex. C to ECF No. 35.) On June 23, 2020, the facility administrator denied Defendant's request. (*Id.*) Accordingly, the Court addresses the merits of Defendant's motion.

The FSA allows a district court to modify a sentence and grant compassionate release if it finds "extraordinary and compelling reasons" warrant such a reduction, the reduction complies with 18 U.S.C. § 3553(a), and the defendant "is not a danger to the safety of any other person or to the community." *See* 18 U.S.C. § 3582(c)(1)(A); United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13. Defendant contends he meets the foregoing criteria. As the movant, Defendant bears the burden of establishing that he is eligible for a sentence reduction. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

1. Extraordinary and Compelling Reasons

Defendant argues he is eligible for compassionate release because his underlying health conditions, in combination with his conditions of confinement, make him particularly vulnerable to COVID-19. The Sentencing Guidelines provide that extraordinary and compelling reasons may exist for compassionate release where a defendant suffers from, among other conditions, "a serious physical or mental condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. 1(A)(ii).

Defendant has Type 2 diabetes mellitus and hypertension. The CDC states adults of any age with Type 2 diabetes mellitus are at "increased risk of severe illness" from COVID-19, defined as "hospitalization, admission to the ICU, intubation or mechanical ventilation, or death." *COVID-19: People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-

ncov/need-extra-precautions/people-with-medical-conditions.html (last visited December 29, 2020). The CDC states adults with hypertension "might be" at increased risk and notes "[t]he more underlying medical conditions someone has, the greater their risk is for severe illness from COVID-19." [2] *Id.* The United States concedes Defendant's Type 2 diabetes "likely" constitutes extraordinary and compelling reasons. (ECF No. 40 at 9.)

Defendant faces a heightened risk of severe illness should he contract COVID-19. In light of the current pandemic, it thus appears Defendant's medical conditions substantially diminish his ability to provide self-care in a prison environment. Accordingly, Defendant has met his burden to demonstrate "extraordinary and compelling reasons" exist to warrant early release.

2. <u>Danger to Others or the Community</u>

Even where extraordinary and compelling reasons exist, the court must consider whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(1)(A), (2), cmt. 1. To make this assessment, the Court is directed to the factors set out in § 3142(g), including, among other things: (1) the nature and circumstances of the offense charged; (2) the history and characteristics of the person, including character, physical and mental condition, family ties, employment, financial resources, past conduct, criminal history, and drug and alcohol abuse; and (3) the nature and seriousness of the danger to any person or the community that release would impose. These factors overlap with the § 3553(a) factors.

---

[2] In an August 20, 2020 report, the Los Angeles County Department of Public Health found that hypertension and diabetes were the most common underlying health conditions among people who died from COVID-19. *Hypertension and Diabetes are Most Common Underlying Health Conditions in COVID-19 Deaths – 57 New Deaths and 1,603 New Cases of Confirmed COVID-19 in Los Angeles County*, LOS ANGELES COUNTY DEPARTMENT OF PUBLIC HEALTH, http://publichealth.lacounty.gov/phcommon/public/media/mediapubhpdetail.cfm?prid=2597 (last visited December 29, 2020).

Defendant contends he is not a danger to others or the community under § 3142(g). Defendant was convicted of a non-violent drug trafficking offense, in which he had a minor role. (PSR ¶ 20; ECF No. 35 at 13, 16.) Defendant further argues he will not pose a danger to the community because he will be deported to his home country of Mexico upon his release from custody. (ECF No. 44 at 6.) There, he has strong family support and will reside with his wife and children. (*See* ECF No. 44 at 4; Ex. B to ECF No. 35, ¶ 3.)

The Court has granted compassionate release to defendants convicted of similar non-violent crimes. *See, e.g.*, *Mondaca*, 2020 WL 1029024, at *4 (granting motion for compassionate release and finding conspiracy to possess cocaine with intent to distribute was a "non-violent drug offense"); *United States v. Baez*, No. 18-CR-3273 (DMS), 2020 WL 5747387, at *2 (S.D. Cal. Sept. 25, 2020) (granting compassionate release to defendant with obesity, Type 2 diabetes, and asthma convicted of possession with intent to distribute methamphetamine); *United States v. Ortuno-Maldonado*, No. 15-CR-2561 (DMS), 2020 U.S. Dist. LEXIS 212806, at *1, 4–5 (S.D. Cal. Nov. 12, 2020) (granting compassionate release to defendant with Type 2 diabetes and high blood pressure convicted of importation of methamphetamine). Defendant is a first-time offender with no prior criminal history, and the United States did not move to detain Defendant on dangerousness grounds following his arrest. (ECF No. 3; ECF No. 35 at 13; PSR ¶¶ 25–30.) The record indicates Defendant is not a danger to others or the community under § 3142(g).

3. § 3553(a) Factors

Finally, the Court must consider "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary … (A) to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(A)–(D). The court also

must consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(1),(6).

Defendant's history and characteristics support a reduction in sentence. As discussed above, Defendant is a non-violent, first-time offender who has familial support. U.S. Probation noted Defendant's involvement in the offense "appears to be outside of his hard working and law abiding character." (PSR ¶ 70.) Prior to his arrest, Defendant held steady employment, including running his own food truck and taxi businesses, which he can return to upon release. (*See* PSR ¶¶ 49–52, 69, 72.) Additionally, it appears Defendant's sentence has furthered the § 3553(a) purposes of deterrence and promoting respect for law. The probation officer found Defendant's "personal characteristics reflect that of a hardworking family man" and his time in custody "has likely effectively deterred him from future criminal activity." (PSR ¶ 72.)

The United States raises several arguments under § 3553(a) in opposition. First, the government argues because Defendant's medical conditions are well-controlled, this weighs against release under § 3553(a). This argument is unpersuasive, given that the government concedes elsewhere that Type 2 diabetes is likely an "extraordinary and compelling reason" for a sentence reduction in light of COVID-19. (ECF No. 40 at 9.) Defendant contends his conditions, even if managed, still increase his likelihood of severe illness from COVID-19. The CDC's website does not draw any distinction with respect to level of control, and Defendant cites a state public health department which states "[e]ven for people with well-controlled diabetes, a COVID-19 infection is more likely to make them very ill." *Managing Chronic Conditions During COVID-19, What to Do if You Have: Diabetes*, MINNESOTA DEPARTMENT OF HEALTH, https://www.health.state.mn.us/people/conditions/index.html#Example2 (last visited December 29, 2020). The Court finds Defendant's management of his medical conditions

does not negate their status as "extraordinary and compelling reasons" given the risk they pose to his health should he contract COVID-19.

Second, the United States argues Defendant should not be released because his health has improved in custody. As noted in Defendant's PSR, Defendant has improved his physical health in custody through exercise. (*See* PSR ¶¶ 40, 70.) In conjunction with the PSR's other findings, this indicates to the Court that Defendant has used his time in custody productively to reflect upon his conduct and adopt a healthier lifestyle, and does not necessarily counsel against a sentence reduction. Defendant "acknowledged that a positive consequence of his incarceration is his improved health," and "assured he would continue his healthy lifestyle while serving his custodial sanction and thereafter." (PSR ¶¶ 37, 40.)

Next, the United States contends Defendant has not served a "meaningful portion" of his sentence and reducing Defendant's sentence will produce unwarranted sentence disparities among similarly situated defendants. In support of this argument, the government cites numerous cases in which courts denied compassionate release. (*See* ECF No. 40 at 13.) However, in the cited cases, all but one of the defendants in question had served less than half of their respective sentences, all of which were significantly longer than the 36-month sentence at issue here. In this case, Defendant has served nearly 20 months of his 36-month sentence, and is due to be released in just under a year. Furthermore, as Defendant points out, in light of the COVID-19 pandemic, other defendants convicted of importing larger quantities of methamphetamine than Defendant have been sentenced to terms below the 20 months Defendant has already served, and significantly below Defendant's original 36-month sentence. (*See* ECF No. 35 at 15–16 & n.23). Accordingly, a reduction in Defendant's sentence will not create unwarranted sentence disparities.

With respect to the United States' remaining arguments, the Court notes Defendant's single disciplinary incident while in custody but finds it to be a minor infraction that does not counsel significantly against a sentence reduction. Similarly, the government's

argument regarding Defendant's immigration detainer is not sufficient to outweigh the remaining factors favoring release.  Upon his release from BOP custody, Defendant will be transferred to immigration custody to process his deportation.  This transfer will occur regardless of when he is released, and whether any immigration detention facility will be more or less safe than Defendant's current facility with respect to COVID-19 at that time is speculative.  The Court notes that once Defendant returns home to Mexico to live with his family, he will have a greater ability to social distance to decrease his likelihood of contracting COVID-19.  (*See* ECF No. 44 at 4.)

After considering the relevant factors, the Court finds a reduction in Defendant's sentence complies with § 3553(a).  The time Defendant has spent in custody is sufficient to fulfill the overarching goals of § 3553(a), including punishment, deterrence, protection of society, and rehabilitation.

### III.

### CONCLUSION AND ORDER

Accordingly, it is hereby ORDERED as follows:

1. Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 35), is **GRANTED**;
2. Defendant is resentenced to a time-served custodial sentence without any supervised release, effective immediately upon Defendant completing a 14-day quarantine period and obtaining medical clearance from the BOP that Defendant is not infected with COVID-19.

**IT IS SO ORDERED.**

Dated:  January 4, 2021

Hon. Dana M. Sabraw
United States District Judge